**Don E. REDFEARN, Petitioner,**

v.

**DEPARTMENT OF THE INTERIOR, Respondent.**

No. 02–3079.

United States Court of Appeals, Federal Circuit.

May 10, 2002.

Before RADER, SCHALL, and LINN, Circuit Judges.

---

DECISION

PER CURIAM.

Don E. Redfearn petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the denial by the Fish and Wildlife Service ("agency") of his application for law enforcement officer ("LEO") retirement credit under the Civil Service Retirement System ("CSRS"). We *affirm*.

DISCUSSION

I.

The CSRS provides preferential retirement credit to employees who serve as law enforcement officers. 5 U.S.C. § 8336(c)(1) (2000). A "law enforcement officer" is defined in 5 U.S.C. § 8331(20) (2000) as "an employee, the duties of whose position are *primarily* the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States." (emphasis added).

The Office of Personnel Management ("OPM") has issued a regulation explaining the term "primary duties." Under that regulation, "primary duties" are duties that -

(1) (i) Are paramount in influence or weight; that is, constitute the basic reasons for the existence of the position;

(ii) Occupy a substantial portion of the individual's working time over a typical work cycle; and

(iii) Are assigned on a regular and recurring basis.

(2) Duties that are of an emergency, incidental, or temporary nature cannot be considered "primary" even if they meet the substantial portion of time criterion.

5 C.F.R. § 831.902 (2001). A duty typically is considered a primary duty if an employee spends an average of at least 50 percent of his or her time in its performance. *Id.*

Mr. Redfearn held the position of Refuge Manager, GS–04855–12. After the agency denied his application for LEO retirement credit, he appealed to the Board. Before the Board, Mr. Redfearn had the burden of establishing entitlement to LEO retirement credit by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2).

In an initial decision, which followed a hearing, the administrative judge ("AJ") to whom the case was assigned held that Mr. Redfearn was not entitled to LEO credit because he had not shown the duties of his position to be primarily those associated with law enforcement. The AJ determined that the basic purpose of the Refuge Manager position was not the performance of law enforcement duties within the meaning of the CSRS. The AJ stated: "I find that the reason for the creation of the position ... of Refuge Manager at issue in this appeal was for the protection of refuge properties, protection of wildlife on the refuge, and the conservation of land exploration and public, commercial, industrial, and agrarian land use." *Redfearn v. Dep't of Interior*, No. DE–0831–01–0095–I–1, slip op. at 4 (M.S.P.B. August 14, 2001). The AJ further stated:

> The objectives of the position are to preserve, restore, and enhance populations of all species of animals and plants that are endangered or threatened; to perpetuate migratory bird resources; to preserve the natural diversity and abundance of fauna and flora on refuge lands; to provide an understanding and appreciation of fish and wildlife ecology and of the public's role in its environment; and to provide the public with high quality, safe, and recreational experiences in wildlife to the extent that the activities are compatible with the purpose for which the refuge was established.

*Id.* Finally, the AJ noted that there was no evidence presented to suggest that Mr. Redfearn's position involved regular arrests, investigations, or court appearances, or that it required training in areas typical to law enforcement, such as the giving of *Miranda* warnings, the collection of evidence, and the detention of suspects. *Id.* at 5. In due course, the initial decision of the AJ sustaining the agency's denial of Mr. Redfearn's application for LEO retire-ment credit became the final decision of the Board.

## II.

We affirm a final decision of the Board unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Mr. Redfearn argues that the decision of the Board in this case is inconsistent with the Board's decision in *Ferrier v. Office of Personnel Management*, 60 M.S.P.R. 342 (1994). We disagree.

In *Ferrier*, LEO retirement credit was sought by certain police officers employed by the Fish and Wildlife Service. *Ferrier* is different from this case. In *Ferrier*, the Board found that the police officers seeking LEO credit were involved with between 29 and 111 crimes each year, ranging from disorderly conduct to murder. *Ferrier*, 60 M.S.P.R. at 346. Additionally, the officers' manual provided training on firearms, the use of force and deadly force, chemical mace, arrests, evidence management, and the investigation of crimes. As the AJ noted, unlike in *Ferrier*, there is no evidence here "to show that the appellant's position was that of a Police Officer or Agent who frequently made arrests, frequently investigated crimes committed on the Refuge, and frequently testified in civil or criminal matters as a witness." *Redfearn*, slip op. at 5.

Mr. Redfearn also argues that the Board's decision is not supported by substantial evidence. Specifically, he claims that the Board failed to consider that the Refuge manager is fully authorized "to enforce statutory laws protecting wildlife and regulations to protect property and

the public," that the manager's authority is not limited to Refuge lands, and that Refuge officers are first-line officers with responsibility for investigation and apprehension of offenders.

Our review of the Board's factual conclusions leads us to conclude that there is substantial evidence to support its finding that law enforcement was not Mr. Redfearn's primary duty. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). That standard is met here. The Board reviewed evidence descriptive of Mr. Redfearn's position and determined that the basic reasons for the existence of his position were not related to law enforcement. This conclusion is supported by Office of Personnel Management materials descriptive of Mr. Redfearn's GS–0485 classification: the Wildlife Refuge Management Series. This reference defines the position as one that "require[s] primarily professional knowledge and competence in the management, administration, and scientific operation of public lands and waters designated as national wildlife refuges." The reference also states that Mr. Redfearn's position "has as its principal purpose the conservation, protection, and propagation of wildlife species and the manipulation and utilization of their required habitat." On this basis, the Board properly found that the first factor of paragraph (1) of the regulation defining "primary duties" was not met.

Further, the Board also considered evidence of Mr. Redfearn's actual duties. The Board concluded, and Mr. Redfearn admits, that he was not trained or required to have training in law enforcement procedures. The Board also concluded, based on an absence of evidence, that Mr. Redfearn did not have frequent contact with criminal suspects or that he was ever involved in investigations of criminal matters. Mr. Redfearn does not argue on appeal that such evidence does exist. Therefore, we find that the Board's conclusion that the duties of Mr. Redfearn's position were not "primarily" law enforcement is supported by substantial evidence.

For the foregoing reasons, the decision of the Board is affirmed.

Each party shall bear its own costs.